AO 247 (02/08)   Order Regarding Motion for Sentence Reduction

# UNITED STATES DISTRICT COURT
for the

District of Minnesota

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| Charles Lavell Hardy | ) Case No: 98-275(1) (JRT/JGL) |
| | ) USM No: 08561-041 |
| Date of Previous Judgment: 12/02/1999 | ) Andrea K. George |
| (Use Date of Last Amended Judgment if Applicable) | ) Defendant's Attorney |

**Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)**

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion,

**IT IS ORDERED** that the motion is:
☑ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment (as reflected in the last judgment issued) of _____ months **is reduced to** _____.

**I. COURT DETERMINATION OF GUIDELINE RANGE** (Prior to Any Departures)

| | | | |
|---|---|---|---|
| Previous Offense Level: | 34 | Amended Offense Level: | 32 |
| Criminal History Category: | V | Criminal History Category: | V |
| Previous Guideline Range: | 240 to 293 months | Amended Guideline Range: | 240 to ___ months |

**II. SENTENCE RELATIVE TO AMENDED GUIDELINE RANGE**

☐ The reduced sentence is within the amended guideline range.

☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.

☐ Other (explain):

> While Hardy correctly notes that this Court departed from his career offender classification at sentencing -- raising the possibility that changes to his quantity-based guideline range may trigger a reduction -- he was subject to a statutory mandatory minimum of 240 months imprisonment. That is the sentence that he received, and this Court lacks authority to reduce his sentence below that mandatory minimum.

**III. ADDITIONAL COMMENTS**

> While Hardy argues that he did not have an appropriate opportunity to challenge the use of a prior conviction to enhance his penalties -- and that the mandatory minimum therefore should not apply in this case -- his own quoting of the sentencing proceedings indicates that his attorney admitted there was no basis for challenging that conviction. In addition, the records confirming this prior conviction were submitted to the Court.

Except as provided above, all provisions of the judgment dated 12/02/1999 shall remain in effect.
**IT IS SO ORDERED.**

Order Date: 04/27/2009

s/John R. Tunheim
Judge's signature

Effective Date: _____
(if different from order date)

John R. Tunheim, United States District Court Judge
Printed name and title